UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONELA ARACELY VALDEZ HERRERA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIRST NATIONAL BANK OF OMAHA, N.A.,<br><br>　　　　　Defendant. | 2:17-cv-01136-RSWL-SKA<br><br>**ORDER re: Plaintiff's Motion for Partial Summary Judgment** [23] |

　　Currently before the Court is Plaintiff Leonela Aracely Valdez Herrera's ("Plaintiff") Motion for Partial Summary Judgment ("Motion") [23]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

///

///

1

# I. BACKGROUND

## A. Factual Background

On March 6, 2015, Plaintiff opened a credit card account with Defendant. Decl. of Pl. ("Pl. Decl.") ¶ 2, ECF No. 23-3. As part of her application for the credit card account, Plaintiff provided her cellphone number as a primary contact number. Id. ¶ 3.

In 2016, Plaintiff became unable to make scheduled payments on her credit card account. Id. ¶ 5. Defendant, therefore, began placing collection calls to Plaintiff's cellphone to collect past-due payments. Id. ¶ 6. In addition to manually placing calls, Defendant utilizes the Avaya Proactive Contact 5.1 computer dialing system ("Avaya system") to place collection calls. Mot. for Summ. J. ("Mot."), Ex. F ("Mayo Dep.") 8:16-24, ECF No. 23. Each day, Defendant runs a sweep of its accounts to identify delinquent accounts. Id. at 10:6-10. Defendant then loads the numbers associated with these accounts into the Avaya system, which places calls to the delinquent account holders. Id. at 11:17-21. After the Avaya system dials the number, the call is transferred to an agent. Id. at 22:21-24.

On January 4, 2017, Defendant placed a collection call to Plaintiff's cellphone. Id., Ex. E at 4. The full transcript of the call is as follows:

```
Agent:      "Hello?"
Plaintiff:  "Hello?"
Agent:      "Hi, this is Jodi with First National
```

2

|   |   |
|---|---|
| | Bank of Omaha on a recorded line. I'd like to speak with Leonela Valdez?" |
| Plaintiff: | "Stop calling me." |

Id., Ex. G. Following the termination of the call, Defendant's collection agent typed a note into Defendant's collection system, which stated, "Gal answered and s[ai]d stop calling me then she h[ung]/u[p]." Id., Ex. E at 4. Defendant continued to place a total of forty-two calls to Plaintiff's cellphone between January 5, 2017 and February 3, 2017. See id. at 4-5; Compl. ¶ 19, ECF No. 1.

**B.  Procedural Background**

Plaintiff filed her Complaint against Defendant on February 13, 2017 alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788. See Compl.

Plaintiff filed the instant Motion [23] on October 31, 2017. On November 13, 2017, Defendant filed its Opposition [29] to Plaintiff's Motion. In its Opposition, Defendant also sought summary judgment on both of Plaintiff's claims. See Def.'s Opp'n to Pl.'s Mot. for Summ. J. ("Opp'n") 11:3-7, 11:18-19, ECF No. 29. Plaintiff filed her Reply [32] on November 20, 2017.

## II. DISCUSSION

**A.  Legal Standard**

1.  Summary Judgment

Federal Rule of Civil Procedure 56 states that a

"court shall grant summary judgment" when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. Twentieth Century-Fox Film Corp. v. MCA, Inc., 715 F.2d 1327, 1329 (9th Cir. 1983). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. Anderson, 477 U.S. at 255.

Under Rule 56, the party moving for summary judgment has the initial burden to show "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000). The burden then shifts to the non-moving party to produce admissible evidence showing a triable issue of fact. Nissan Fire & Marine Ins., 210 F.3d at 1102-03; see Fed. R. Civ. P. 56(a). Summary judgment "is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element

4

essential to [her] case, and on which [she] will bear the burden of proof at trial." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The standard for a motion for summary judgment "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issues of *material* fact." Anderson, 477 U.S. at 247-48.

### 2. Partial Summary Judgment

Federal Rule of Civil Procedure 56(g) authorizes courts to grant partial summary judgment to limit the issues to be tried in a case. State Farm Fire & Cas. Co. v. Geary, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981)). Absent a specific statute authorizing otherwise, a partial summary judgment under Rule 56(g) is not a final judgment but rather an interlocutory summary adjudication or a pre-trial order, neither of which is appealable prior to the entry of a final judgment in the case. Wynn v. Reconstruction Fin. Corp., 212 F.2d 953, 956 (9th Cir. 1954).

**B. Discussion**

In its Opposition to Plaintiff's Motion, Defendant also requests the Court grant summary judgment in its

favor on both of Plaintiff's causes of action. Opp'n 11:4-7, 11:18-19. Defendant at no point requested a hearing date for its "motion." Defendant filed its Opposition, which includes the request for the Court to enter summary judgment in its favor, on November 13, 2017. The Court previously set the motion filing cut-off for October 31, 2017. <u>See</u> Order re Stip. to Continue, ECF No. 22. Therefore, no matter what form Defendant's request for summary judgment takes, Defendant filed its "motion" fourteen days after the filing deadline.

Courts in this circuit have held that "[i]t is not an abuse of discretion for a court to deny or strike a motion on the basis that it is untimely filed according to the timetable set by the scheduling order." <u>Dayton Valley Inv'rs, Ltd. Liab. Co. v. Union Pac. R.R.</u>, 664 F. Supp. 2d 1174, 1178 (D. Nev. 2009)(citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992)); <u>see</u> C.D. Cal. R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."). Accordingly, because Defendant's "motion" was filed two weeks after the motion filing cut-off date, the "motion" is untimely, and the Court will not consider Defendant's request for the Court to enter summary

judgment in its favor.[1]

The Court now turns to the merits of Plaintiff's Motion. Plaintiff seeks partial summary judgment on her TCPA claim. The TCPA states,

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii). To prove that Defendant violated the TCPA, Plaintiff must establish that (1) Defendant called her cellphone (2) using an ATDS. See Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). The parties do not dispute these two elements are met, and therefore, Plaintiff has proven her prima facie case under the TCPA.

The Court need only assess whether Defendant had Plaintiff's express consent to call Plaintiff. "Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co., 847 F.3d 1037, 1044 (9th Cir. 2017). The Federal Communications Commission ("FCC") has made clear that

---

[1] Even assuming the Court considered Defendant's improper "motion," there exists a genuine issue of material fact as to whether Plaintiff clearly and expressly revoked her consent to be called, and therefore, the Court **DENIES** Defendant's "motion" on its merits.

7

consumers expressly consent to be contacted when they provide their cellphone numbers as part of a credit application. See In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 564 (Dec. 28, 2007)("We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.").

Plaintiff does not dispute that she gave her express consent for Defendant to call her when she signed up for the credit card account with Defendant. Mot. 11:22-25. Rather, Plaintiff contends that she expressly revoked her consent in the January 4, 2017 call with Defendant's representative and any calls she received thereafter were in violation of the TCPA. Id. at 12:2-3.

"The TCPA does not explicitly grant consumers the right to revoke their prior express consent." Van Patten, 847 F.3d at 1047 (internal citations omitted). In 2015, however, the FCC clarified that consumers may revoke their "consent in any reasonable manner that clearly expresses [their] desire not to receive further calls." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7999 (July 10, 2015); see Van Patten, 847 F.3d at 1048. Courts do not consider the called party's subjective intent, and instead, "consent is terminated when the

[person who obtained consent] knows or has reason to know that the other is no longer willing for him to continue the particular conduct." <u>Dixon v. Monterey Fin. Servs.</u>, No. 15-cv-03298-MMC, 2016 U.S. Dist. LEXIS 82601, at *8 (N.D. Cal. June 24, 2016)(quoting <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1253 (11th Cir. 2014)).

Here, Plaintiff asserts that she clearly revoked her consent to be called when she stated "stop calling me" in the January 4, 2017 call. Mot. 12:6-8. Defendant's representative's notes from immediately after the call reference this statement. <u>Id.</u>, Ex. E at 4. Defendant contends in the Declaration of Paul Osborne that a minor had previously answered Plaintiff's phone, and therefore, Defendant was not clear on whether Plaintiff herself had actually requested that Defendant stop calling her. Decl. of Paul Osborne ¶ 13, ECF No. 29-1. While Plaintiff argues that Defendant has not produced any evidence to support its assertion that a minor previously answered Plaintiff's phone, "the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor." <u>Anderson</u>, 477 U.S. at 248.

Importantly, "a factual dispute regarding alleged revocation of consent cannot be properly resolved on summary judgment." <u>Walker v. Transworld Sys.</u>, No. 8:14-cv-588-T-30MAP, 2014 U.S. Dist. LEXIS 174136, at

*7 (M.D. Fla. Dec. 17, 2014); see Osorio, 746 F.3d at 1256 (finding that whether the plaintiff revoked his consent was "exactly the kind of factual dispute that cannot properly be resolved on summary judgment"). While Plaintiff stated in the January 4, 2017 call, "stop calling me," these were the only words other than "hello" that Plaintiff stated in the entire call. See Mot., Ex. G. Plaintiff then did not answer another one of Defendant's calls and never again asserted any desire not to be called regarding her credit card account. Whether Plaintiff's request to "stop calling" was a clear and express revocation of her consent to be called is a question of fact reserved for the jury. See Bally v. First Nat'l Bank of Omaha, No. 17-10632, 2017 U.S. Dist. LEXIS 177286, at *4 (E.D. Mich. Oct. 26, 2017)(denying summary judgment motion because "[r]easonable minds could differ regarding whether [the p]laintiff clearly expressed his desire not to receive further calls from [the d]efendant"); Ruffrano v. HSBC Fin. Corp., No. 15CV958A, 2017 U.S. Dist. LEXIS 132674, at *49 (W.D.N.Y. Aug. 17, 2017)(noting that the FCC analyzes revocation as a totality of circumstances, a standard that "calls for fact finding not appropriate in a summary judgment motion").

    Because there remains a genuine issue of material fact as to whether Plaintiff clearly and expressly revoked her consent to be called, the Court **DENIES** Plaintiff's Motion.

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion [23].

**IT IS SO ORDERED.**

DATED: December 4, 2017       s/ RONALD S.W. LEW

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge